UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlos RUIZ–ARAGON, Defendant–
Appellant.

No. 14–50543

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2016 *

FILED June 21, 2016

Helen H. Hong, Assistant U.S. Attorney, Steven Lee, Esquire, Special Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee.

Kara Hartzler, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Carlos Ruiz–Aragon appeals from the district court's judgment and challenges the three-year term of supervised release imposed following his guilty-plea conviction for attempted reentry of a removed alien in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ruiz–Aragon contends that the district court procedurally erred by relying on clearly erroneous facts and failing to explain adequately the three-year term of supervised release. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record shows that the district court adequately explained its determination that a term of supervised release was necessary as a deterrent in this particular case. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Contrary to Ruiz–Aragon's contention, the court did not presume that the government would not prosecute him were he to again return illegally, nor did it impose supervised release in this case based on a "blanket policy."

Ruiz–Aragon next contends that the term of supervised release is substantively unreasonable, and that the court unreasonably exercised its discretion under *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) when it expressed its disagreement with the Guidelines' recommendation against supervised release for deportable aliens. In light of Ruiz–Aragon's immigration and criminal history, the imposition of a three-year term of supervised release in this case was consistent with the Guidelines and was not an abuse of discretion. U.S.S.G. § 5D1.1 cmt. n.5.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.